**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION**

| | |
|---|---|
| **KIMBERLY GRIFFIN,**<br><br>                            **Plaintiff,**<br><br>v.<br><br>**USPG FRANKLIN, LLC AND USPG PORTFOLIO TWO, LLC,**<br><br>                            **Defendants.** | **NOTICE OF REMOVAL<br>28 U.S.C §§ 1332, 1441, 1446** |

**TO:**     **THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF SOUTH CAROLINA, SPARTANBURG DIVISION
JON L. NEWLON, ESQUIRE, ATTORNEY FOR PLAINTIFF**

In accordance with the provisions of 28 U.S.C. §§ 1332(a), 1441 and 1446, notice is given as follows:

1. Defendants USPG Franklin, LLC ("USPG Franklin") and USPG Portfolio Two, LLC ("USPG Two") (hereinafter collectively referred to "USPG" or "Defendants") hereby remove this lawsuit from the Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, South Carolina, where it was filed by Plaintiff and assigned Case No. 2020-CP-42-01446, to the United States District Court for the District of South Carolina, Spartanburg Division. A Copy of the Summons and Complaint are attached as Exhibit A, which contains all process and pleadings filed or served in this action as of the date of this notice.

2. Defendants first received a copy of Plaintiff's Complaint on April 29, 2020. The time within which Defendants are permitted to file a notice of removal under 28 U.S.C § 1446 has not expired as of the time of the filing of this notice of removal.

3. Upon information and belief, at the time of the commencement of this action and of the filing of this Notice of Removal, Plaintiff was and is a resident of the State of South Carolina. (Compl. ¶ 1.)

4. At the time of the commencement of this action and of the filing of this Notice of Removal, Defendants were and are limited liability companies. For purposes of diversity jurisdiction, a limited liability company is assigned the citizenship of its members. *See Gen. Tech. Apps., Inc. v. Exro Ltda.*, 388 F.3d 114, 121 (4th Cir. 2004). The sole member of USPG Franklin and USPG Two is a corporation, U.S. Properties Group, Inc. "[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business, . . . ." 28 U.S.C. §1332(c)(1). U.S. Properties Group, Inc. is incorporated in the state of Delaware. As set forth more fully in the affidavit of Darin Hobson, attached as Exhibit B, U.S. Properties Group, Inc.'s principal place of business is in the state of Ohio, where its corporate headquarters, or "nerve center", is located. *See Hertz Corp. v. Friend*, 559 U.S. 77, 93, 130 S. Ct. 1181, 1192, 175 L. Ed. 2d 1029 (2010). In other words, U.S. Properties Group, Inc.'s corporate activities are directed, controlled, and coordinated from its corporate office in Ohio. (*See* Ex. B ¶ 4.) Based on the foregoing, U.S. Properties Group, Inc. is deemed a citizen of Delaware and Ohio for purposes of diversity jurisdiction. Because U.S. Properties Group, Inc. is the sole member of Defendants USPG Franklin and USPG Two, both Defendants are deemed citizens of Delaware and Ohio. Thus, there is complete diversity of citizenship between Plaintiff and Defendants, and neither Defendant is a citizen of the state in which the action has been brought (South Carolina). 28 U.S.C. §§ 1332, 1441(b)(2).

5. Plaintiff has not alleged a specific amount in controversy. However, the allegations of the Complaint demonstrate that the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. *See* U.S.C. § 1332(a).

   a. Plaintiff alleges she has suffered "serious personal injury" as a result of slipping and falling in a wet spot in Defendants' parking lot. Upon information and belief,

       Plaintiff alleges injury to both knees, her back, and her left hand. Concerning damages, Plaintiff specifically alleges she has incurred:

         i. physical pain and suffering, mental anguish and impairment of health and bodily efficiency;

        ii. money spent for medical care and treatment, past, present and future;

       iii. travel expenses;

       iv. and lost wages;

(Compl. ¶ 11-12.)

    b. In addition to the foregoing damages, Plaintiff prays for an award of punitive damages, (Compl. ¶13 and "Wherefore" paragraph), which is properly considered in determining whether the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See Miller v. S. Bell Tel. & Tel. Co.*, 279 F. 806, 809-810 (4th Cir. 1922); *Woodward v. Newcourt Comm. Fin. Corp.*, 60 F.Supp.2d 530 (D.S.C. 1999).

6. Removal to this district and division is proper under 28 U.S.C.A. §1441(a) because this is the district and division embracing the place where the action is pending.

7. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff and filed with the Clerk of Court of Common Pleas for the Seventh Judicial Circuit, County of Spartanburg, South Carolina, as required by 28 U.S.C. §1446(d).

**THIS THE 29TH FRI OF MAY, 2020.**

                          **HEDRICK GARDNER KINCHELOE & GAROFALO LLP**

                                        <u>*s/Joshua D. Shaw*</u>
                                        JOSHUA D. SHAW (Fed. Id # 10529)
                                        BRANDY G. PRICE (Fed. Id # 13131)
                                        1230 Main Street, Suite 325
                                        Columbia, SC 29201
                                        PH:    803-727-1221
                                        FAX:  803-727-1259
                                        Email: jshaw@hedrickgardner.com

                                        *Attorneys for Defendants*

4

7:20-cv-02046-TMC    Date Filed 05/29/20    Entry Number 1    Page 4 of 4